15-20018
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BERTEL FRANKLIN GIBBS,

    Defendant.
_____/

Case No. 15-20018

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE ELIZABETH A.
STAFFORD


**ORDER GRANTING DEFENDANT'S MOTION FOR BILL OF PARTICULARS [20];
DENYING DEFENDANT'S MOTION TO SUPPRESS [19]**

On June 23, 2015, Defendant filed a Motion for Bill of Particulars regarding Counts 3 and 4 of the indictment [20]. The Government responded on July 17, 2015 [24]. On June 23, 2015, Defendant filed a Motion to Suppress [19]. The Government filed a Response on July 17, 2015 [23]. The Court held a hearing on these Motions on November 20, 2015. The Government and Defendant filed Supplemental Briefs regarding these Motions on December 18, 2015 [32; 33]. For the reasons stated below, Defendant's Motion for Bill of Particulars [20] is **GRANTED** and Defendant's Motion to Suppress [19] is **DENIED.**

1

1. **MOTION FOR BILL OF PARTICULARS [20]**

Federal Rule of Criminal Procedure 7(f) (Fed. R. Crim. Pro.) provides that a Court may, per the request of the Defendant, direct the government to file a bill of particulars. Per the Rule, a "Defendant may move for a bill of particulars before or within 14 days after arraignment *or* at a later time if the court permits." *Id* (emphasis). A bill of particulars is meant to:

> inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).

Counts 3 and 4 of the indictment charge Defendant with possession with intent to distribute a controlled substance (cocaine base) and possession with intent to distribute a controlled substance (heroin). Per the briefs and the hearing, the evidence provided in discovery by the government that relates to Counts 3 and 4 does not provide any evidence beyond mere presence of Defendant at the location where the drugs were seized on November 5, 2014 to establish Counts 3 and 4 of the indictment.

The facts pertinent to Counts 3 and 4 are summarized below. Defendant drove Mr. McDaniel to a Target parking lot on November 5, 2014. Mr. McDaniel had arranged to sell a gun to a confidential informant (CI). Mr. McDaniel interacted with the CI and an undercover police officer and directed them to follow him to another location to obtain the gun. Following a vehicle chase, Mr. McDaniel was thrown from the vehicle and Defendant climbed out of the window to flee once the vehicle was stopped.  Defendant and Mr. McDaniel were then arrested. Mr. McDaniel had $1,500.00 on his person and some of the money had blood on it as Mr. McDaniel's hands were bloody. Defendant did not sustain any injuries and the $80.00 taken from him had no blood on it. About ten feet from the location of arrest, police found a packet of crack and a packet of heroin two feet from Mr. McDaniel that had blood on it. Neither Mr. McDaniel nor Defendant made any incriminating statement to the police linking Defendant to the drugs in question.

The Government has provided no information to establish that Defendant had knowledge of the controlled substances that were found or that he was in possession with intent to deliver the controlled substances listed in the counts. The Government has failed to provide any evidence linking Defendant to the seized

3

drugs other than the fact that Defendant was present in the vehicle and initiated the vehicle chase, none of which support Counts 3 or 4 of the indictment.

Therefore, this Court grants Defendant's Motion for Bill of Particulars as to the criminal activity contained in Counts 3 and 4 of the indictment. This Bill should include identification of any potential witnesses to the activity described in Counts 3 and 4, any additional police reports and/or witness statements compiled as to the events of November 5, 2014 and any subsequent investigation that may have been done concerning the narcotics referred to in those Counts.

2. **MOTION TO SUPPRESS [19]**

Defendant's Motion to Suppress concerns the seizure of drugs on August 16, 2014, detailed in Count One, and the seizure of a firearm on October 30, 2014, detailed in Count two.

   a. **AUGUST 16, 2014 SEIZURE OF DRUG EVIDENCE**

On August 16, 2014, Defendant was driving a vehicle alone in the area of Ypsilanti Township. Defendant was observed failing to make a complete stop at a stop sign, appearing to travel at a high speed, and making an abrupt turn. Deputy Krings pulled over Defendant for disobeying the stop sign. When Defendant was pulled over, he admitted to the Deputy that he was driving without a driver's license and that he only had a driver's permit. The Deputy testified that he smelled

marijuana in the vehicle. According to the Deputy's testimony at the hearing, Defendant was ordered out of the vehicle so the Deputy could place him under arrest for driving without a license. After Defendant was placed in handcuffs, the Deputy performed a pat down search of him for drugs and weapons. During the pat down, the Deputy felt a foreign object in the seam of the pants near the groin area that was not consistent with the feel of the seam of a pair of jeans. The Deputy shook the pant leg of Defendant and a small package of suspected crack cocaine and some loose-leaf marijuana was dislodged.

    Defendant seeks to suppress this evidence based on the argument that he was illegally arrested because of driving alone with a permit rather than a license is a civil infraction and not a misdemeanor offense. Additionally, Defendant argues that the officer did not arrest him when he exited the vehicle since the video shows him telling Defendant "I'm going to put handcuffs on you, it doesn't mean you're going to jail. I just don't know who you are, OK?" Defendant argues that this testimony, as well as the Officer's report that indicates Defendant was "detained" for "investigation" upon being removed from the vehicle, demonstrates that his search of the Defendant was not done incident to arrest, and instead has to meet *Terry* standards. *Terry v. Ohio*, 392, U.S. 1, 28-29 (1968). Defendant argues that the pat down violated *Minnesota v. Dickerson*'s "plain touch" or "plain feel"

5

doctrine, and that the drug evidence seized was not immediately identifiable as contraband that could be lawfully seized pursuant to this exception to the warrant requirement. 508 U.S. 366 (1993).

Whether Defendant committed a misdemeanor or a civil infraction by driving with a permit without a licensed driver in the vehicle depends on whether Defendant's permit was issued under the Graduated Licensing Scheme or under the Temporary Instruction Permit scheme. Michigan's Graduated Licensing Scheme is governed by MCL 257.310e. Under this provision, if a driver is pulled over and does not have a licensed driver in the vehicle, than a civil infraction has occurred, not a misdemeanor offense. MCL 257.310e(11). A person issued a permit under the Graduated Licensing Scheme is only covered until they are 18. MCL 257.310e(8) provides that a Graduated License expires once a person turns 18 and becomes a Level 3 full license. On the other hand, if Defendant was issued a permit after he turned 18, then his license would not be subject to the Graduated Licensing Scheme and instead would be classified as a Temporary Instruction Permit governed under MCL 257.306. Under this regime, if Defendant was driving by himself, it would be a misdemeanor offense under MCL 257.901.

Defendant was born on November 26, 1995, and the seizure of the drugs occurred on August 16, 2014. Since Defendant was 18 years old on the date of the

arrest and had a driver's permit, the permit would have been a Temporary Instruction Permit governed by MCL 257.306. Therefore, the arrest was lawful and the offense of driving without a licensed driver in the vehicle for a permit holder in fact constituted a misdemeanor. Consequently, the evidence was lawfully obtained in a legal search incident to arrest.

Defendant further argues that the arrest cannot be considered valid since the Deputy did not state that Defendant was under arrest. Even if Defendant was not yet placed under arrest as he argues, the search incident to arrest "exception actually applies once the police are in possession of probable cause to make an arrest." *United States v. Coleman*, 458 F.3d 453, 458 (6th Cir. 2006). The Deputy had probable cause to arrest Defendant once he had the information that Defendant was driving with a permit without a licensed driver in the vehicle. Therefore, regardless of whether he was arrested at the time of the search or not, the search was legal and the Motion to Suppress is denied as to the drug evidence.

### b. OCTOBER 30, 2014 SEIZURE

On October 30, 2014, Defendant was a passenger in a vehicle traveling through the City of Ypsilanti. Thomas Gray (Grey) was driving the vehicle. Officer Kofhal (Kofhal) testified that she saw the vehicle driving without its headlights on, so she pulled it over. Grey presented a Michigan State vehicle identification and

reported to Kofhal that he had a suspended driver's license. In response, Grey was ordered out of the vehicle, handcuffed and placed in Kofhal's patrol vehicle. Kofhal returned to the vehicle and questioned Defendant. Defendant reported that he did not have identification with him, and falsely identified himself as Marquis Patterson. The name and birthday were processed through LEIN and returned with no record. Defendant provided a new birthdate, which again returned no record.

　　While speaking with Kofhal, Defendant nervously zipped and unzipped his hoodie. He was asked to exit the vehicle, and Kofhal attempted to temporarily detain him for providing a false name to a police officer. By the time that Defendant was exiting the vehicle, a second police officer, Deputy Wallace (Wallace), had arrived at the scene. After Kofhal secured one of his hands, Defendant attempted to flee. Kofhal was able to take Defendant to the ground. He was instructed to stop resisting, but continued to resist. While attempting to subdue Defendant, Kofhal observed that he had a small black firearm in his left hand against his chest, which was seized by Kofhal.

　　Defendant challenges the seizure of the gun based upon his contention that the original stop of the vehicle was illegal. Additionally, Defendant also asserts that his seizure from the vehicle was illegal because there was no probable cause.

For a traffic stop to be constitutional, "an officer must have probable cause to believe that a traffic violation has occurred or was occurring." *United States v. Gaskin*, 587 F. App'x 290, 294 (6th Cir. 2014), *cert den.* 135 S. Ct. 1579 (2015). This probable cause is not negated, even in the face of uncertainty concerning the justification for the traffic stop, so long as any mistake of fact that the officers may have made was reasonable. *Id* at 295, *citing United States v. Hughes*, 606 F.3d 311, 320 (6th Cir.2010); *United States v. Chanthasouxat*, 342 F.3d 1271, 1276 (11th Cir.2003) ("A traffic stop based on an officer's incorrect but reasonable assessment of facts does not violate the Fourth Amendment.").

At the hearing, Kofhal testified that she made the traffic stop because she believed that the vehicle's headlights were out. When questioned about the video where some light is seen in front of the car, Kofhal testified that the source of that light was the running lights, located underneath the headlights. Throughout the hearing, Kofhal testified that it was her belief that while the brakes lights were working, and the running lights were on, the headlights were not turned on [29 at 37¶1-13; 45¶19-25; 46¶1-3; 48¶1-7]. The video evidence supports a finding that it is reasonable for Kofhal to have believed that the headlights were out, but the running lights were on. Additionally, according to the video, when Kofhel arrested the driver of the vehicle, he remarked that he thought the headlights were

9

automatic and that he did not know they were not on [29 at 54¶24-25; 55¶¶1-9]. Since the driver himself does not dispute in the video that the headlights may have been off, it is reasonable that Kofhel thought they were off, rendering the traffic stop legal.

Kofhal had a legal right to detain Defendant and ascertain his identify under Michigan law. Section 324 of Michigan's Vehicle code (MCL 257.324) provides:

> (1) A person shall not do any of the following:
> (h) Furnish to a peace officer false, forged, fictitious, or misleading verbal or written information identifying the person as another person, if the person is detained for a violation of this act or of a local ordinance substantially corresponding to a provision of this act

There is no language in the statute limiting its application to the driver of the vehicle, but rather it applies to people "detained for a violation of this act." The Supreme Court has held that all occupants of a vehicle are seized once a traffic stop is effectuated. *Brendlin v. California*, 551 U.S. 249, 263 (2007). Since passengers are undisputedly detained during a traffic stop, the statute would apply to Defendant, as a passenger and Defendant would not be lawfully permitted to give Kofhal a false name.

Additionally, the Sixth Circuit has held that it is not a violation of the Fourth Amendment for a police officer to ask a passenger for identification, even if there is no probable cause for a reasonable suspicion of wrongdoing by the passengers.

Thus, Kofhal had a right to obtain Defendant's identification, even though he was a passenger. *See e.g. United States v. Alexander*, 467 F. App'x 355, 362 (6th Cir. 2012); *United States v. Smith*, 601 F.3d 530 (6th Cir.2010); *United States v. Ellis*, 497 F.3d 606, 613–14 (6th Cir.2007).

When Defendant was asked about identification, he told Kofhal that he did not have his license with him. Accordingly, it would be expected that his information would be contained in LIEN since his statement implied that he had a license, just that he was not carrying it. Therefore, once Defendant had given Kofhal a name and birthdate that was not included in LIEN; and further once Defendant changed his birthdate to a different day and still revealed no results, Kofhal had probable cause to believe that Defendant was providing false information concerning his identity, which is a violation of Michigan law that subjected him to arrest pursuant to MCL 257.901.

The traffic stop of the vehicle was reasonable, and Kofhal's detention of Defendant for providing a false name to a police officer was legal. Defendant's contention that he was arrested for nervously playing with his hoodie is incorrect. Accordingly, Defendant's Motion to Suppress [19] the firearm evidence is denied.

**IT IS ORDERED** that Defendant's Motion for Bill of Particulars [20] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress [19] is **DENIED.**

**SO ORDERED**.

s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge

Dated: February 23, 2016